**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**GERALDINE COLES,**

                     **Plaintiff,**                **13-CV-0845A(Sr)**

**v.**

**ERIE COUNTY,**
**MARK WIPPERMAN,**
**JOHN ANTHONY,**
**ROBERT KOCH, and**
**MICHAEL REARDON,**

                     **Defendants.**

_____

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J.

Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #15.

Currently before the Court are defendants' motions to dismiss the

complaint  (Dkt. ##14 & 19), and plaintiff's motion for summary judgment.  Dkt. #21.

For the following reasons, it is recommended that defendants' motions be granted and

plaintiff's motion be denied.

.

## BACKGROUND

As set forth in a letter to plaintiff dated October 21, 2011, First Deputy

Superintendent Michael Reardon recounted that while performing her duties as a

Female Escort at the Erie County Holding Center, a civil service position with the Erie

County Sheriff's Department, plaintiff Geraldine Coles

> suffered what has been described by Registered Nurse L. Pyjas as a 10 second petit mal seizure.  At the time of this seizure an inmate was directly under [plaintiff's] supervision. Nurse Pyjas called for Supervision and Nurse Minkiewicz took control of the inmate and secured her in Isolation room number 5.  This situation created a potential threat to the safety and security of the facility and staff.

Dkt. #1, p.13[1] & Dkt. #5, ¶¶ 11-12.  As a result of that incident, First Deputy

Superintendent Michael Reardon informed plaintiff that,

> Effective immediately, you are placed on involuntary leave, pursuant to Section 72(5) of the Civil Service Law.[2]  You will be on this leave until such a time as your health issue can be addressed and resolved.  I have attached Section 72(5) of the Civil Service Law for your review.

---

[1] Although this document is referenced as an exhibit in plaintiff's amended complaint (Dkt. #5, ¶ 16), it was not attached to plaintiff's amended complaint.  As a result, the Court cites to the exhibit attached to the original complaint.

[2] New York Civil Service Law § 72(5) provides as follows:

> Notwithstanding any other provisions of this section, if the appointing authority determines that there is probable cause to believe that the continued presence of the employee on the job represents a potential danger to persons or property or would severely interfere with operations, it may place such employee on involuntary leave of absence immediately; provided, however, that the employee shall be entitled to draw all accumulated unused sick leave, vacation, overtime and other time allowances standing to his or her credit.  If such an employee is finally determined not to be physically or mentally unfit to perform the duties of his or her position, he or she shall be restored to his or her position and shall have any leave credits or salary that he or she may have lost because of such involuntary leave of absence restored to him or her less any compensation he or she may have earned in other employment or occupation and any unemployment benefits he or she may have received during such period.

> During this leave you will be allowed to use your accrued
> time.
>
> In order to return to work you must undergo a medical
> examination to determine your fitness to perform the duties
> necessary to fulfill the requirements of your job description.
> The County Risk Manager . . . will make arrangements and
> notify you of the upcoming examination.

Dkt. #1, p.13 & Dkt. #5, ¶ 11.

Plaintiff underwent an independent medical examination on November 15,

2011, but alleges in her complaint that she was not informed of the results of that

examination until March, 2012.[3]  Dkt. #5, ¶¶ 20-21. Plaintiff complains that defendants

did not follow the procedural requirement set forth in section 72 of the New York Civil

Service Law and claims that she was never notified of her right to a pre-deprivation

hearing.  Dkt. #5, ¶¶ 18-19 & 23-24.

---

[3] Following a public hearing on plaintiff's claim of discrimination based upon disability,
New York State Division of Human Rights Administrative Law Judge ("ALJ"), Martin Erazo, Jr.
issued a Decision dated October 22, 2013, finding that plaintiff had been diagnosed with
epilepsy in December, 2009 and that this condition caused seizures which prevented her from
performing the duties of a female escort. Dkt. #19-3, pp.17 & 22-23.  In reaching this
conclusion, the ALJ relied upon a report dated November 28, 2011, which the ALJ found to
have been provided to plaintiff, in which the Independent Medical Examiner, Dr. Hughes,
concluded that plaintiff "has complex partial seizures which are uncontrolled" and that plaintiff
"could work with restrictions," including a restriction from driving, handling firearms, and
restraining people.  Dkt. #19-3, p.8.  The ALJ also relied upon a report from plaintiff's
neurologist, Dr. Meyer, dated December 1, 2011, informing defendants that plaintiff was
"unable to perform given job duties/requirements . . . when patient experiences episodes she is
unable to perform her scheduled duties at work . . . patient ready and able to return to work in a
reassigned position."  Dkt. #19-3, p.8. Dr. Meyer testified at the hearing that although the
frequency of plaintiff's seizures declined with treatment – to approximately once every two
months – she would continue to suffer seizures even with continued treatment.  Dkt. #19-3,
pp.8-9.  Dr. Meyer opined that plaintiff should not be working with inmates or carrying weapons.
Dkt. #19-3, p.10.

By letter dated November 7, 2012, Chief of Administrative Services, John

Anthony, advised plaintiff that:

> your Illness Leave Without Pay expired on October 20,
> 2012.  Since you have been continuously absent from and
> unable to perform the duties of your position for a year or
> more by reason of disability, it is my unfortunate duty to
> advise you that your Deputy Sheriff Officer position will be
> terminated on December 7, 2012, pursuant to Civil Service
> Law (CSL) § 73, as outlined in my letter to you dated
> December 28, 2011.[4]

---

[4] The letter dated December 28, 2011, from Chief of Administrative Services, John
Anthony, advised plaintiff that:

> on January 10, 2012, your extended sick leave with pay will end,
> and you must be placed on a Leave Without Pay.  Sign the
> enclosed PO-18 and return to the undersigned along with
> thorough [sic] verification from your physician with regard to the
> nature of your illness/injury and the approximate date of your
> return . . . . Provided you comply with the above, and your Leave
> Without Pay is approved by the Sheriff or his designee, your leave
> will be granted from January 11, 2012, through March 31, 2012,
> unless otherwise stated by physician's certification. . . .
>
> This leave is considered to be unpaid sick leave and the rules
> governing employees on sick leave still apply.  If this leave is
> granted, it is your responsibility to again submit the forms
> mentioned above prior to expiration of the leave if another
> extension is being requested.  Failure to submit this paperwork
> will result in your being placed on Unauthorized Leave Without
> Pay subjecting you to further administrative and/or disciplinary
> action, up to and including termination.
>
>                              * * *
>
> Enclosed please find copies of New York Civil Service Law
> Sections 71 and 73 addressing leaves resulting from disabilities.
> Under the statute, if you are unable to return to duty within one
> year of commencement of leave, which will be October 21, 2012,
> your employment status may be terminated.
>
>                              * * *
>
> If your injury is not found to be work-related, Section 73 of the
> Civil Service Law may apply.  Under that section, you will receive

Please be advised that you are entitled to submit on or before December 7, 2012, information or reasons why you believe you should not be terminated.  Such information should include any claim that your absence has not been one continuous year or that you are medically cleared and able to return to your position with no restrictions. You should be prepared to provide medical documentation to support a claim that you are able to return to your position. Be further advised that you may be required to submit to a medical examination to determine your fitness to return to duty.

If you do not submit any information or contact this office before December 7, 2012, your employment will be terminated as a matter of law without further notice.

Dkt. #1, pp.24-25.[5]  Plaintiff was terminated effective December 7, 2012.  Dkt. #5, ¶ 27.


Plaintiff, represented by counsel, commenced this action asserting the following causes of action: (1) denial of plaintiff's constitutional right to due process prior to the termination of employment, in violation of 42 U.S.C. § 1983; (2) conspiracy to deprive plaintiff of her constitutional right to due process with respect to her employment, in violation of 42 U.S.C. § 1985; and (3) failure to prevent the deprivation of plaintiff's constitutional right to due process with respect to her employment, in violation of 42 U.S.C. § 1986.  Dkt. #5.  More specifically, plaintiff complains that defendants denied plaintiff "her federally protected due process rights to her continued

---

notice of the administrative termination of your employment at the expiration of one (1) year and will be given the opportunity to respond to the notice.  You are also entitled to a post termination hearing under the above-mentioned section.

Dkt. #19-2.

[5] Although this document is referenced as an exhibit in plaintiff's amended complaint (Dkt. #5, ¶ 26), it was not attached to plaintiff's amended complaint.  As a result, the Court cites to the exhibit as attached to the original complaint.

employment when [they] terminated her employment without any pre-deprivation hearing, or any hearing whatsoever." Dkt. #5, ¶ 46.

## DISCUSSION AND ANALYSIS

In support of her motion for summary judgment, plaintiff argues that there is no dispute that defendants failed to conform to the requirements of New York Civil Service Law Section 72 pertaining to disability leave.  Dkt. #21-1, p.2.  Specifically, plaintiff alleges that she was denied "pre-deprivation due process."  Dkt. #21-1, p.4. Although conceding that defendants were permitted to utilize § 72(5) to place plaintiff on immediate leave, plaintiff argues that defendants were obligated to conduct a hearing prior to her termination.  Dkt. #21-1, p.8.

Defendants argue that the complaint should be dismissed because plaintiff has not alleged that she requested a hearing.  Dkt. #19-5, p.15 & Dkt. #22-7, p.9.  In addition, defendants argue that plaintiff suffered no deprivation while she was on paid leave and that she was afforded notice of her right to request a hearing by letter dated December 28, 2011, which was prior to plaintiff being placed on leave without pay on January 10, 2012.  Dkt. #19-5, p.15 & Dkt. #22-7, p.5.  Defendants further argue that plaintiff cannot sustain a due process claim when she chose to challenge her employment status through a discrimination complaint filed with the New York State Division of Human Rights and a union grievance rather than requesting a hearing pursuant to New York Civil Service Law.  Dkt. #22-7, p.10.

Plaintiff opposes consideration of the December 8, 2011 letter, plaintiff's discrimination complaint and plaintiff's union grievance as irrelevant to the issue of whether plaintiff was afforded pre-deprivation process.  Dkt. #21-1, pp.11-13.

Dismissal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> For purposes of this rule, the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (internal citations omitted). The Court "may also consider matters of which judicial notice may be taken." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

<u>42 U.S.C. § 1983 Due Process Claim</u>

"Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) (internal quotation omitted).  Plaintiff's claim to a constitutionally protected property interest in her civil service appointment is well established.  *See Gilbert v. Homar*, 520 U.S. 924, 928-29 (1997) ("public employees who can be discharged only for cause have a constitutionally protected property interest in their tenure and cannot be fired without due process.").  More specifically, the placement of a permanent civil service employee on an involuntary leave of absence has been found to implicate property interests protected under the due process clause.  *Laurido v. Simon*, 489 F. Supp. 1169, 1177 (S.D.N.Y. 1980) (involuntary leave of absence based on a finding of mental unfitness).

Having alleged sufficient facts to plausibly allege a property interest protected by the due process clause, the remaining question is what process is due. That question is not resolved by consideration of the procedures provided by the legislative body establishing the property interest.  *Loudermill*, 470 U.S. at 539-41.  "The Constitution, not state law sources . . . determines what process is due." *Ciambriello v. County of Nassau*, 292 F.3d 307, 319 (2d Cir. 2002).  In other words, the minimum requirements of procedural due process are "a matter of federal law," and "they are not diminished by the fact that the State may have specified its own procedures that it may

deem adequate for determining the preconditions to adverse official action." *Vitek v. Jones*, 445 U.S. 480, 490 (1980).

Although the Supreme Court has described "the root requirement" of the due process clause as being "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest," it has emphasized that such a hearing "need not be elaborate." *Loudermill*, 470 U.S. at 542 & 545.  Even in the case of termination, "procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001). The "pre-termination hearing does not purport to resolve the propriety of the discharge, but serves mainly as a check against a mistake being made by ensuring there are reasonable grounds to find the charges against an employee are true and would support his termination." *Id.* at 173-74, *citing Loudermill*, 470 U.S. at 545-46.  "Requiring more than notice of the charges, an explanation of the nature of the employer's evidence, and an opportunity for the employee to respond would impede the government's interest in quickly removing from service an unsatisfactory employee." *Id* at 174, *citing Loudermill*, 470 U.S. at 546.

In the instant case, the facts set forth in plaintiff's complaint and attached documentation establish that plaintiff was afforded written notice of the fact that she was being placed on an immediate involuntary leave of absence pursuant to New York

Civil Service Law § 72 after she was observed to have suffered a petit mal seizure while an inmate was under her supervision.  Dkt. #1, p.13 & Dkt. #5, ¶¶ 11-12.  Plaintiff was advised that she could utilize accrued leave (which the statute provided to her explained would be restored if it was determined that plaintiff was not unfit to perform her duties), and that she could return to work following a medical examination determining that she was fit to perform the duties of her position.  Dkt. #1, p.13 & Dkt. #5, ¶ 11.  This is sufficient process to notify plaintiff of the factual basis for her employer's concerns as to plaintiff's fitness for duty and to afford plaintiff an opportunity to challenge her employer's assessment of plaintiff's fitness for duty.  *Cf. Roach v. City of New York*, 782 F. Supp. 261, 263 & 265-66 (S.D.N.Y. 1992) (motion to dismiss denied where plaintiff was unable to contest her placement on medical leave because she was not informed that she had been placed on medical leave nor was she provided with a statement of facts supporting her employer's determination that she was not fit to perform her duties).

Moreover, the letter dated November 7, 2012 advising plaintiff that she would be terminated effective December 7, 2012 due to her inability to perform the duties of her job because of a disability lasting more than a year also advised plaintiff of her right to "submit . . . information or reasons why" plaintiff believed she "should not be terminated."  Dkt. #1, pp.24-25 & Dkt. #5, ¶ 26. This is sufficient notice and opportunity to respond in light of the circumstances presented, *to wit*, where plaintiff had been granted extended leave due to disability for more than a year prior to the notice of termination.

-10-

<u>42 U.S.C. § §1985 & §1986 Conspiracy Claims</u>

The elements of a claim under 42 U.S.C. § 1985(3) are a conspiracy motivated by racial animus for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws and an act in furtherance of the conspiracy which deprives a person of any right of a citizen of the United States. *Brown v. City of Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000), *cert. denied*, 534 U.S. 816 (2001). Plaintiff's allegation that First Deputy Superintendent Michael Reardon copied the other defendants on his October 21, 2011 correspondence to plaintiff and that Chief Anthony copied the other defendants on his November 7, 2012 correspondence to plaintiff is insufficient to plausibly allege a "meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end," as required to assert a claim pursuant to 42 U.S.C. § 1985. *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation omitted), *cert. denied*, 540 U.S. 1110 (2004); *See Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.) ("complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." ), *cert. denied*, 464 U.S. 857 (1983). In addition, plaintiff's complaint lacks any allegation of racial animus. Since plaintiff's claim of failure to prevent a violation of 42 U.S.C. § 1985 is dependent upon the existence of a plausible § 1985 claim, plaintiff's claim pursuant to 42 U.S.C. § 1986 should also be dismissed. *Brown*, 221 F.3d at 341.

## <u>CONCLUSION</u>

For the reasons set forth above, it is recommended that defendants' motions to dismiss plaintiff's complaint (Dkt. ##14 & 19), be granted and plaintiff's motion for summary judgment (Dkt. #21), be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**    **Buffalo, New York**
              **June 2 , 2014**

_**s/ H. Kenneth Schroeder, Jr.**_
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**